**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **KELLY E. SIMMONS,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> ) **TRIAL BY** <br> **JSSI MANAGEMENT ENTERPRISES,** ) **JURY DEMANDED** <br> **LLC; JSSI HOLDINGS, LLC; ROBERT H.** ) <br> **BOOK; and JOSEPH DAGROSA,** ) <br> ) <br> **Defendants.** ) | |

**COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT,
AND AN ACCOUNTING**

Plaintiff Kelly E. Simmons ("Simmons" or "Plaintiff"), by and through his attorneys Penny Nathan Kahan & Associates, Ltd. and Gordon & Karr LLP, complains against JSSI Management Enterprises, LLC ("JME"), JSSI Holdings, LLC ("Holdings"), Robert H. Book ("Book"), and Joseph DaGrosa ("DaGrosa") and states as follows:

**NATURE OF ACTION, JURISDICTION AND VENUE**

This is a diversity action seeking damages arising from the breach of Mr. Simmons' Amended and Restated Employment Agreement ("Employment Agreement") following the termination of Mr. Simmons' employment. He was employed as the Chief Executive Officer, Chief Operations Officer and Chief Financial Officer of JME pursuant to the Employment Agreement. He was advised that his employment was being terminated on August 20, 2009. Thereafter, defendants refused to pay Mr. Simmons incentive and severance compensation due him. In addition to declaratory relief pursuant to 28 U.S.C. § 2201, Mr. Simmons seeks damages and attorneys' fees based upon claims for breach of contract, a violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.,* and for the tortious

1

interference with the Employment Agreement. Mr. Simmons also seeks declaratory relief pursuant to 28 U.S.C. § 2201 and an accounting.

1. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C.A. §1332 because the parties are citizens of diverse states and the amount in controversy exceeds $75,000.00.

2. Venue is proper by virtue of 28 U.S.C.A. §1391(a) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Northern District of Illinois.

## PARTIES

3. Plaintiff, Kelly E. Simmons, is an individual who resides in San Antonio, Texas.

4. Defendant, JSSI Holdings, LLC is a Delaware corporation doing business in Chicago, Illinois.

5. Defendant JME is a wholly-owned subsidiary of JSSI Holdings, LLC and a Delaware corporation licensed to do business in Illinois and headquartered in Chicago, Illinois. Along with other subsidiaries of JSSI Holdings, LLC, including Jet Support Services, Inc. ("JSSI"), JME is engaged in the business of overseeing and paying for jet engine maintenance for owners of private jet aircraft.

6. Defendant Robert H. Book is an individual who resides in New City, New York and is the Chairman of JME and Holdings and, in that capacity, is a decision-maker regarding Mr. Simmons' employment, and thus is considered to be Mr. Simmons' "Employer" as that word is defined in the IWPCA.

7. Defendant Joseph DaGrosa is an individual who resides in Miami, Florida. Upon information and belief, in May, 2008, DeGrosa and Book, acting through two limited liability companies (1848 Capital Partners, LLC and R.H. Book, LLC), acquired Jet Support Services,

Inc. ("JSSI"), a company engaged in the business of jet engine maintenance, and JSSI Maintenance Trust, which was owned by JSSI and was established to hold the funds provided by customers of JSSI for the intended purpose of maintaining the jet aircraft owned by those customers. 1848 Capital Partners, LLC and R.H. Book, LLC are the majority owners of Holdings, which, in turn, owns JME. Mr. DaGrosa is a decision-maker regarding Mr. Simmons' employment, and thus is considered to be Mr. Simmons' "Employer" as that word is defined in the IWPCA. Upon information and belief, Mr. DaGrosa has an ownership interest in 1848 Capital Partners, LLC which, along with R.H. Book, LLC, controls Holdings. Along with Book, DaGrosa managed the affairs of JME by attending and conducting monthly multi-day meetings at JME's office in Chicago, Illinois.

8. Upon the acquisition of Jet Support Services, Inc. (and the JSSI Maintenance Trust), Book and DeGrosa established Holdings, along with numerous subsidiaries including, *inter alia*, JME, JSSI Capital Enterprises, LLC, JSSI Capital Partners, LLC, and JSSI Investment Partners, LLC.

## FACTS

9. On or about July 22, 2008, Mr. Simmons entered into an employment agreement with JME. A true and correct copy of that employment agreement is attached as Exhibit A. On March 6, 2009, that employment agreement was superseded by an Amended and Restated Employment Agreement with JME, whereby Mr. Simmons would be employed as the Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of JME, for a term commencing March 6, 2009 and ending July 22, 2013. A true and correct copy of the Amended and Restated Employment Agreement (hereinafter "Employment Agreement") is attached hereto as Exhibit B.

10. At all relevant times described herein, Mr. Simmons performed his job satisfactorily and fully performed all obligations required pursuant to the Employment Agreement.

11. Pursuant to the Employment Agreement, JME was to pay Mr. Simmons a base salary of $325,000.00 per year, and for the period of time from July 22, 2008 to July 22, 2009, incentive compensation of not less than 25% of his base salary, or $81,250.00. The Employment Agreement required that the incentive compensation was to be paid to him on July 22, 2009. (Exhibit B, §6)

12. To date, JME has refused to pay Mr. Simmons the incentive compensation due on July 22, 2009 (as described in Paragraph 11). That refusal constitutes a breach of the Employment Agreement and Mr. Simmons has been damaged as a result of that breach.

13. On or about August 20, 2009, Book and DaGrosa, while in Chicago, Illinois, advised Mr. Simmons that his employment with JME was being terminated. The termination was sudden and without notice.

14. The termination of Mr. Simmons' employment was without cause as memorialized in a letter dated September 3, 2009 from Susan K. Marr, Chief Administrative Officer, Executive Vice President, and General Counsel of JSSI. A true and correct copy of the letter is attached as Exhibit C.

15. Pursuant to the Employment Agreement (Exhibit B, §10(c)) JME is required to pay Mr. Simmons severance compensation in an amount equal to 100% of his annual base salary, in four equal installments beginning on the first day of the month following the termination of his employment and continuing to become due *pro rata* on the first of each of three months thereafter. (Exhibit B, §10(c)) To date, JME has refused to pay any portion of the

severance compensation. That refusal constitutes a breach of the Employment Agreement and Mr. Simmons has been damaged as a result of that breach.

16. Mr. Simmons was granted 1,000 Class C Common Units of JME's Parent (Holdings), pursuant to the terms of his July 22, 2008 employment agreement with JME. (Exhibit A, §6(a)) Subsequently his equity was increased to 3,000 units, or 3% of the total outstanding membership interests in the Parent (Holdings). (Exhibit B, §7(b))

17. Pursuant to the Employment Agreement (Exhibit B, §7(c)), Mr. Simmons retains his units in Holdings because he was discharged without cause.

18. By letter dated October 30, 2009, Holdings purported to exercise a right to repurchase Mr. Simmons' units pursuant to §7(e) of the Employment Agreement for $10,000.00. A true and correct copy of the October 30, 2009 letter is attached hereto as Exhibit D.

19. Holdings claims that the fair market value of Mr. Simmons' units, which constitute 3% of the total outstanding membership interests in Holdings, was determined in good faith to be worth nothing. (Exhibit D)

20. By letter dated November 5, 2009 and received by Mr. Simmons on November 6, 2009, Louis Seno, acting on behalf of Holdings, attempted to repurchase the units owned by Mr. Simmons for $10,000.00. A true and correct copy of the November 5 letter is attached hereto as Exhibit E.

21. Aware that Book and DaGrosa, through Holdings, had purchased JSSI in the spring of 2008 for an amount in excess of $60,000,000.00, and based on his knowledge of the various financial transactions that took place during the term of his employment, which, upon information and belief, increased the value of Holdings, Mr. Simmons determined that the offer to repurchase his units for $10,000.00 did not represent the fair market value of such units, or 3%

of the total outstanding membership interests in Holdings. (Exhibit B, §7(f)) He further determined that claimed value of the units could not have been determined in good faith.

22. By letter dated November 10, 2009, Mr. Simmons, through counsel, returned the check for $10,000.00 to Ms. Marr. A true copy of the November 10, 2009 letter is attached hereto as Exhibit F.

## COUNT I

### BREACH OF CONTRACT AGAINST JME

23. Mr. Simmons incorporates by reference the allegations in the above paragraphs as if set forth herein.

24. JME breached the terms of the Employment Agreement by failing to pay Mr. Simmons the incentive compensation due to him on July 22, 2009.

25. Additionally, because Mr. Simmons' employment was terminated without cause he was entitled to severance compensation pursuant to the Employment Agreement. The severance compensation continues to accrue pursuant to Exhibit B, §10(c).

26. Mr. Simmons has demanded that JME fulfill its obligations under the Employment Agreement by paying the incentive compensation and severance compensation due him. JME has failed to do so, and that refusal has been willful and vexatious, entitling Mr. Simmons to an award of prejudgment interest pursuant to 815 ILCS 205/2.

**WHEREFORE**, Plaintiff Kelly E. Simmons respectfully requests that this Court enter judgment in his favor and against Defendant JSSI Management Enterprises, LLC in the amount of $243,750.00, together with the additional severance compensation which will become due to him by the time of judgment, together with prejudgment interest and costs.

## COUNT II

### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT AGAINST JSSI MANAGEMENT ENTERPRISES, LLC, ROBERT H. BOOK, AND JOSEPH DAGROSA

27. Mr. Simmons incorporates by reference the allegations of the above paragraphs as if set forth herein.

28. The Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/2 defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties." Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses … and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties." The severance compensation and incentive compensation due Mr. Simmons are "wages" as defined by the IWPCA.

29. As part of the Employment Agreement (Exhibit B, §14), JME agreed to pay compensation in compliance with Illinois law, but has breached that agreement by failing to comply with the Illinois Wage Payment and Collection Act, as described herein.

30. The Illinois Wage Payment and Collection Act provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." (820 ILCS 115/2)

31. Mr. Simmons has been denied payment of the incentive compensation due to him no later than the next regular payday after his discharge in direct violation of the Illinois Wage Payment and Collection Act. (820 ILCS 115/2)

32. In addition, Mr. Simmons is entitled to severance compensation in the total amount of $325,000.00 to be paid *pro rata* on the first of the month, for four months after his discharge, pursuant to the terms of his Employment Agreement.

33. Mr. Simmons has demanded that JME, Mr. Book and Mr. DaGrosa fulfill their obligations under the Employment Agreement and as his employer by paying the incentive and severance payments due and owing and which continue to accrue.

34. JME, Mr. Book and Mr. DaGrosa have failed to do so, and that refusal has been willful and vexatious, entitling Mr. Simmons to an award of prejudgment interest pursuant to 815 ILCS 205/2, together with such other remedies the Court deems just.

**WHEREFORE**, Plaintiff Kelly E. Simmons respectfully requests that this Court enter judgment in his favor and against Defendants JSSI Management Enterprises, LLC, Robert H. Book and Joseph DaGrosa in the amount of $243,750.00 together with prejudgment interest, attorneys' fees and costs.

### COUNT III

### ATTORNEYS' FEES UNDER THE ILLINOIS ATTORNEYS FEES IN WAGE ACTIONS ACT AGAINST JME, HOLDINGS AND ROBERT H. BOOK AND JOSEPH DAGROSA

35. Mr. Simmons incorporates by reference the allegations of the above paragraphs as if set forth herein.

36. The Illinois Attorneys Fees in Wage Actions Act (705 ILCS 225/1) provides in relevant part "[w]henever [an] employee brings an action for wages earned and due and owing according to the terms of the employment, and establishes by the decision of the court or jury that the amount for which … he has brought the action is justly due and owing, and that a demand was made in writing at least 3 days before the action was brought, for a sum not

exceeding the amount so found due and owing, then the court shall allow to the plaintiff a reasonable attorney fee…in addition to the amount found due and owing for wages, to be taxed as costs of the action."

37. On two separate occasions Mr. Simmons, through his counsel, and in compliance with the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1, provided JME, Holdings and Mr. Book more than three days notice of the compensation due as stated herein, and demanding payment thereof that was, as of the dates of the letters, less than the amount due and owing. A true and correct copy of the letters demanding payment are attached as Exhibits G and H.

38. The Defendants have failed and refused to pay Mr. Simmons the compensation due and owing to him pursuant to the Employment Agreement.

**WHEREFORE**, Plaintiff Kelly E. Simmons respectfully requests that this Court enter judgment in his favor and against Defendants JSSI Management Enterprises, LLC, JSSI Holdings, LLC, Robert H. Book, and Joseph DaGrosa, awarding Plaintiff the attorneys' fees he has incurred and will incur in prosecuting this action, plus costs.

## COUNT IV

### DECLARATORY JUDGMENT AGAINST JSSI MANAGEMENT ENTERPRISES, LLC, AND JSSI HOLDINGS, LLC

39. Mr. Simmons incorporates by reference the allegations of the above paragraphs as if set forth herein.

40. An actual controversy exists as to whether Holdings and/or JME have the contractual authority to compel Mr. Simmons to sell his units in Holdings.

**WHEREFORE**, Plaintiff Kelly E. Simmons respectfully requests that this Court enter an order declaring that Plaintiff maintains his equity grant in JSSI Holdings, LLC pursuant to §7(c) of his Employment Agreement, and that he be awarded his costs.

## COUNT V

## ACTION FOR AN ACCOUNTING

41. Plaintiff incorporates by reference the allegations of the above paragraphs as if set forth herein.

42. In or around February 2009, Mr. Book and Mr. DaGrosa led the acquisition of an entity commonly known as The Franklin Mint by leveraging the assets of the JSSI Maintenance Trust and using those assets as collateral for the benefit of one or more of the entities listed in paragraph 8, or for the benefit of other undisclosed entities, and through a series of lending transactions among and between these and/or other entities. Because this acquisition has created ownership of The Franklin Mint by Holdings, a review of this transaction is necessary to determine the fair market value of Holdings in good faith.

43. Subsequent to the termination of Mr. Simmons' employment, JME, Holdings, Mr. Book, and Mr. DaGrosa have refused to allow review of the books and records of a number of affiliated entities including JSSI Capital Enterprises, LLC, JSSI Capital Partners, LLC and JSSI Investment Partners, LLC. The refusal first occurred during Mr. Simmons' employment, thus hindering the compilation of consolidated financial statements according to Generally Accepted Accounting Principles for Holdings in 2009.

44. Since the acquisition of JSSI by Mr. Book and Mr. DaGrosa, they have caused payments by JME and/or JSSI to entities they control, including 1848 Capital Partners LLC and R.H. Book, LLC, that amount to over $300,000.00 per month. To date, over $5 million has been thus extracted from JME and/or JSSI. The value of this cash outflow and future cash outflows should be considered if the fair market value of Holdings is to be determined in good faith.

45. JME, Holdings, Mr. Book and Mr. DaGrosa have failed to calculate the value of Mr. Simmons' shares in good faith at fair market value. (Exhibit B, §7(e))

46. In the event that the Court declares that Holdings and/or JME have the contractual right to compel Mr. Simmons to sell his units in Holdings, an accounting is required to establish the fair market value of said units.

47. An accounting will establish exactly what amount of money is due to Mr. Simmons upon the sale of the units.

**WHEREFORE**, Plaintiff Kelly E. Simmons respectfully requests that in the event the Court determines that JSSI Holdings, LLC and/or JSSI Management Enterprises, LLC have the contractual right to purchase his units in JSSI Holdings, LLC, that the Court further order JSSI Holdings, LLC, JSSI Management Enterprises, LLC, Robert H. Book and Joseph DaGrosa to provide a full accounting of the fair market value of JSSI Holdings, LLC, and that he be awarded his costs.

## COUNT VI

### TORTIOUS INTERFERENCE WITH CONTRACT AGAINST ROBERT H. BOOK AND JOSEPH DAGROSA

48. Mr. Simmons incorporates by reference the allegations of the above paragraphs as if set forth herein.

49. Mr. Book and Mr. DaGrosa, with knowledge of Mr. Simmons' Employment Agreement with JME, intentionally and with malice, interfered with the Employment Agreement by inducing JME to breach that Employment Agreement by, among other things, refusing to pay, the incentive compensation and severance compensation due him pursuant to the terms of the Employment Agreement.

50. Mr. Simmons has sustained damages as a direct and proximate cause of Mr. Book and Mr. DaGrosa's willful misconduct.

51. Mr. Book and Mr. DaGrosa have acted willfully and with malice. As such, an award of punitive damages is necessary so as to punish Mr. Book and Mr. DaGrosa, and to deter them from similar conduct in the future.

**WHEREFORE,** Plaintiff Kelly E. Simmons respectfully requests that this Court enter judgment in his favor and against Defendants Robert H. Book and Joseph DaGrosa in the amount of $243,750.00, for incentive and severance compensation together with the additional severance compensation which will become due him to him by the time of judgment, together with prejudgment interest and costs, and punitive damages to be determined by the trier of fact.

**KELLY E. SIMMONS**

By:   /s/ Stuart D. Gordon
      One of His Attorneys


Stuart D. Gordon (ARDC No. 01016857)
Gordon & Karr LLP
150 North Wacker Drive, Suite 1650
Chicago, IL 60606
(312) 377-4450

Penny Nathan Kahan (ARDC No. 03123818)
Carrie A. Herschman (ARDC No. 6283083)
Penny Nathan Kahan and Associates, Ltd.
150 North Wacker Drive, Suite 2236
Chicago, IL 60606
(312) 855-1660